1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURIE ELLEN FLANAGAN,

11          Plaintiff,                     No. CIV S-07-0333 LKK GGH

12       vs.

13   BENICIA UNIFIED SCHOOL DISTRICT, et al.,

14          Defendants.                    ORDER

15   _____/

16          Previously pending on this court's law and motion calendar for August 30, 2007,

17   was defendants' motion for sanctions, either to exclude damages evidence or in the alternative, to

18   compel plaintiff to provide further initial disclosures and request for monetary sanctions.

19   Specially appearing for plaintiff was Gary Decker.  James Gotch appeared for defendants.

20   Having heard oral argument and reviewed the joint statement, the court now issues the following

21   order.

22   INTRODUCTION

23          This action was brought by plaintiff who was terminated from her employment

24   with Benicia Unified School District ("District") where she was a temporary school teacher and

25   taught English as a second language to adults in the evening.  Her allegations include erroneous

26   classification as temporary and resulting due process violations.  The District defends her

1

1    termination due to alleged falsification of time cards and class rosters, representing students

2    taking her class who did not go to class.  Plaintiff seeks damages of $500,000 including wages,

3    loss of promotional opportunities and benefits, mental and emotional distress, attorneys' fees and

4    punitive damages.  Pursuant to the current scheduling order, filed May 4, 2007, the discovery

5    cutoff is May 14, 2008.

6    DISCUSSION

7        At issue is defendants' motion to compel further initial disclosures regarding

8    damages.  Defendants claim that plaintiff did not provide her first initial disclosure until May 23,

9    2007, even though it was due May 14, 2007.  Although plaintiff did provide amended disclosures

10    after much meeting and conferring initiated by defendants, it was not in pleading format, was not

11    signed by counsel, and did not contain damages information as required under Fed. R. Civ. P.

12    26(a)(1)(C). On August 23, 2007, the day before the joint statement was to be filed, plaintiff did

13    finally comply with these requests.  Therefore, the only matter before the court is defendants'

14    request for sanctions.

15        Defendants claim it took plaintiff over three and a half months to comply with

16    their initial disclosures, and only after numerous letters and meet and confer efforts by

17    defendants.  They seek evidence preclusion under Rule 37(c)(1) or attorneys' fees of $1,560

18    pursuant to Rule 37(a)(4)(A).

19        Plaintiff's reasons for delay include numerous unexpected life obstacles, such as

20    homelessness, heart attacks, and instructions from her doctors to rest.  Further, plaintiff's counsel

21    asserts that he inadvertently failed to forward damage calculations due to isolated clerical

22    oversights.  Plaintiff claims she has now cured in good faith any problems, and defendants have

23    suffered no real prejudice as written discovery is only in the initial stages and no depositions

24    have been noticed.  Plaintiff requests that any sanction be limited to an admonishment as plaintiff

25    is indigent.

26    \\\\\

1    "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion,

2  to impose a wide range of sanctions when a party fails to comply with the rules of discovery or

3  with court orders enforcing those rules."  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585,

4  589 (9th Cir. 1983).  Professors Wright and Miller have opined:

5              Any failure to disclose, regardless of the reason for it, brings the
             sanctions of Rule 37 into play, although the reason for the failure is
6             an important consideration in determining what sanction to impose.
             If the failure is because of inability to comply, rather than because
7             of willfulness, bad faith, or any fault of the party, the action may
             not be dismissed, nor a default judgment given, and less severe
8             sanctions are the most that should be invoked.

9  8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

10  Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

11             If the motion is granted or if the disclosure or requested discovery
             is provided after the motion was filed, the court shall, after
12             affording an opportunity to be heard, require the party or deponent
             whose conduct necessitated the motion or the party or attorney
13             advising such conduct or both of them to pay to the moving party
             the reasonable expenses incurred in making the motion, including
14             attorney's fees, unless the court finds that the motion was filed
             without the movant's first making a good faith effort to obtain the
15             disclosure or discovery without court action, or that the opposing
             party's nondisclosure, response, or objection was substantially
16             justified, or that other circumstances make an award of expenses
             unjust.

17

18  Fed. R. Civ. P. 37(a)(4)(A).

19    "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient

20  party to show that his failure is justified or that special circumstances would make an award of

21  expenses unjust.  Notes of the Advisory Committee on Rule 37."  David v. Hooker, 560 F.2d

22  412, 419 (9th Cir. 1977).

23    The conduct of plaintiff's counsel necessitated defendants bringing the instant

24  motion, and required the court to devote its own resources to this matter.  Although plaintiff's

25  counsel asserts a delay due to in part to his client's medical condition and life circumstances, he

26  has not satisfactorily explained why he did not seek to apprise the court of these problems

1   through an *ex parte* motion or seek continuances from defendants' counsel.  This situation has all

2   the earmarks of purposeful foot dragging on discovery.  Make no mistake – had plaintiff's

3   counsel not repeatedly been put to the task of honoring discovery obligations, no discovery

4   would have been forthcoming.

5          As defendants have not been prejudiced from a case standpoint because discovery

6   cutoff is not until March, 2008, evidence exclusion is not warranted.  Nevertheless, defendants

7   have been forced to expend unnecessary time, effort and costs in seeking straightforward

8   discovery, due directly to the unexcused delay of plaintiff's counsel.

9          Defendants' counsel seeks an award of attorneys' fees in the amount of $1,560.

10  This amount is based on an expenditure of eight hours in drafting the motion to compel, drafting

11  meet and confer letters, meeting and conferring, and drafting the joint statement, at a rate of $195

12  per hour.  See Decl. of James Gotch, ¶ 10, Ex. to Defs.' Mot.  Defendants' counsel has graciously

13  declined to seek sanctions for the time and expense incurred on the day of the hearing.

14         Litigation is costly enough without unnecessarily adding to the pain.  And, a

15  plaintiff's counsel who may well be representing plaintiff on a contingency is hardly in a position

16  to pay fees to his adversary's counsel within the course of a litigation.  However, litigation is

17  costly for both sides, and when a party is compelled to waste time seeking to compel disclosures

18  which should have been forthcoming, the law provides that sanctions *shall* be imposed to

19  reimburse the innocent party when the defaulting party has not interposed a justifiable reason for

20  not timely responding.  Plaintiff's delay here was not justifiable, and was due in the main to

21  counsel's failures.  Therefore, sanctions will not be imposed against plaintiff, but only against her

22  attorney.[1]

23  \\\\\

24

25     [1] It should be noted for the record that counsel sent an attorney from "Attorneys on Demand" to specially appear for him at the hearing.  Besides the issue of whether a special appearance is permitted in civil cases, the court finds counsel's failure to appear when sanctions

26  are the issue to be particularly unprofessional.

1    Defendants' requested amount of $1,560 is reasonable and will be honored.  The

2  court concludes that these expenses were reasonably incurred, and caused by the failure of

3  plaintiff's counsel who was not substantially justified.  No circumstances exist to render such an

4  award unjust.

5  CONCLUSION

6    For the reasons stated herein, IT IS ORDERED that:

7    1.  Defendants' motion for sanctions, filed August 9, 2007, is granted.

8    2.  Defendants are awarded attorneys' fees in the amount of $1,560 against

9  plaintiff's counsel only.  Payment shall be made directly to defendants within thirty days of this

10  order.

11  DATED:   9/6/07

                                        /s/ Gregory G. Hollows

12
                                        UNITED STATES MAGISTRATE JUDGE

13  GGH:076
    Flanagan0333.san.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26