UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURIE ELLEN FLANAGAN,

        Plaintiff,

   v.

BENICIA UNIFIED SCHOOL
DISTRICT, a governmental
agency, SHALEE CUNNINGHAM,
an individual,

        Defendants.
_____/

NO. CIV. S-07-333 LKK/GGH

O R D E R

The plaintiff was a school-teacher at the Benecia Unified School District. She has brought several claims against the School District and Shalle Cunningham, the Superintendent of the School District, alleging twelve causes of action relating to her dismissal from her position. The defendants move to dismiss for failure to state a claim[1] and move to dismiss or strike the

---

[1] Although the motion was originally filed as a motion for judgment on the pleadings, motion to dismiss, and/or motion to strike, in their supplemental briefing the defendants requested that the motion be treated only as a motion to dismiss under

1

plaintiff's claims for punitive damages.  For the reasons set forth below, the court grants the motion to dismiss in part and denies it in part.

## I. ALLEGATIONS OF THE COMPLAINT[2]

The plaintiff, Laurie Flanagan, was a school teacher employed by the Benicia Unified School District ("BUSD"). Defendant Shalee Cunningham was formerly the superintendent of BUSD. At the times relevant to her complaint, the plaintiff was a licensed California teacher with a secondary teaching credential. She served as an Adult English as a Second Language teacher at BUSD. While she was employed there, her own children were enrolled in BUSD's school system. She alleges that she was a temporary employee of BUSD during the times relevant to the complaint.[3]

The plaintiff was dismissed on November 2, 2004 by the defendants for allegedly having forged and fabricated attendance rosters.  Defendants also reported plaintiff to the Benecia Police Department, on the same allegations. Charges were eventually filed against her but later dropped.  Defendants also reported their allegations to the California Commission on Teacher Credentialing, resulting in the loss of the plaintiff's teaching credentials.

---

Federal Rule of Civil Procedure 12(b)(6) and/or a motion to strike.

[2] These allegations are taken from the plaintiff's first amended complaint, filed with the court on October 14, 2007.

[3] In paragraph 62 of the complaint, the plaintiff alleges that she "was not a temporary employee." At oral argument, however, plaintiff's counsel conceded that the plaintiff was a temporary employee, although she asserts here that she should have been reclassified as a permanent or probationary employee.

The plaintiff has brought suit alleging twelve causes of action. She seeks compensatory, punitive, and treble damages, as well as declaratory and injunctive relief.

## II. STANDARDS

### A. Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may not dismiss the complaint if there is a reasonably founded hope that the plaintiff may show a set of facts consistent with the allegations. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967-69 (2007). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated

3

1 <u>General Contractors of California, Inc. v. California State Council</u>
2 <u>of Carpenters</u>, 459 U.S. 519, 526 (1983).

**B.   Standard for Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  A party may bring on a motion to strike within 20 days after the filing of the pleading under attack.  The court, however, may make appropriate orders to strike under the rule at any time on its own initiative.  Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so.  <u>See</u> 5A Wright and Miller, <u>Federal Practice and Procedure</u>: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. <u>See</u> 5A C. Wright & A. Miller, <u>Federal Practice and Procedure</u>: Civil 2d § 1380;  <u>See</u> <u>also</u> <u>Hanna v. Lane</u>, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. <u>See</u> 5A Wright & Miller, <u>supra</u>, at § 1380.

### III.   ANALYSIS

The plaintiff's complaint alleges twelve causes of action, all of which appear to be directed against both defendant BUSD and defendant Cunningham.  For the reasons stated herein, the

defendant's motion to dismiss is granted in part and denied in part.

**A. Motion to Dismiss**

    **1.   Plaintiff's State Common Law and Statutory Claims**

        **a.   California Government Tort Claims Act**

Plaintiff seeks money damages for all of her claims. Because she has not pled that she has complied with the California Government Tort Claims Act, or that she is exempt from it, defendants' motion must be granted as to plaintiff's state law claims, which are her first, second, third, fourth, fifth, sixth, eleventh, and twelfth causes of action.

The California Tort Claims Act states that "except as otherwise provided by statute, [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't. Code § 815. A public school district is a "public entity." Id. § 811.2. Prior to filing a suit against a government entity, a written claim must be presented to the public entity's board. Id. § 945.4. A claim must be filed with the board even if the entity is immune from liability. Id. § 950.2. A plaintiff is excepted from section 945.4 if she pleads and proves that she neither knew nor had reason to know, within the time required for presenting her claim to the relevant state board, that her injury was caused by the public entity or by a public employee acting within the scope of employment. Id. § 950.4. Otherwise, the failure to have filed a claim with the relevant government board is fatal to the

plaintiff's cause of action. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004). A plaintiff must allege compliance with the state presentment requirement in her complaint. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1998); Dujardin v. Ventura County General Hospital, 69 Cal. App. 3d 350, 355 (Cal. Ct. App. 1977).

Here, plaintiff has not alleged compliance with the California Government Tort Claims Act or that the exception contained in section 945.4 applies. Furthermore, the plaintiff has not alleged facts the permit the court to infer either compliance with the presentment requirement or that the section 945.4 exception applies here. The court cannot assume that the plaintiff can prove facts that she has not alleged. Associated Gen. Contractors, 459 U.S. at 526. The defendant's motion must be granted as to the plaintiff's first, second, third, fourth, fifth, sixth, eleventh, and twelfth claims, as they allege violations in state law but do not allege compliance with the California Government Tort Claims Act.[4]

**b.   Contract Claims**

Moreover, because California law specifically bars contract claims when brought against state employers, the defendant's motion must be granted as to the plaintiff's second, fifth, and sixth causes of action.

---

[4] At oral argument, counsel for plaintiff contended there is a basis for excusing the failure to file a claim. Accordingly, plaintiff will be granted leave to file an amended complaint. Counsel, however, is cautioned not to file a complaint which is groundless. Such conduct will be met by sanctions, payable both to defendants and the court.

6

1  In the second cause of action for promissory estoppel,
2 plaintiff alleges that she relied on promises of defendant BUSD
3 that she was entitled to permanent employment status. In her fifth
4 cause of action for breach of contract, plaintiff alleges that
5 defendants breached their contractual duties to her as an employee.
6 In her sixth cause of action, plaintiff alleges that the defendants
7 violated the covenant of good faith and fair dealing inherent in
8 her employment contract.

9  Public employment is not enforced by contract, but by state
10 statute. Miller v. State of California, 18 Cal.3d 808 (1977). This
11 rule applies to civil service and non-civil service employment. Kim
12 v. Regents of University of California, 80 Cal. App. 4th 170, 164
13 (Cal. Ct. App. 2000). Neither an express nor an implied contract
14 can restrict the reasons for, or manner of, termination of public
15 employment provided by California statue. Portman v. County of
16 Santa Clara, 995 F.2d 898, 905 (9th Cir. 1993). Therefore, the
17 plaintiff can neither maintain a cause of action for breach of
18 contract against the defendants, nor derivative claims based on
19 that action. See Shoemaker v. Myers 52 Cal. 3d 1 (1990); Camp v.
20 Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 631 (Cal.
21 Ct. App. 1995).

22  Because plaintiff's contract claims are untenable as a matter
23 of law, the defendant's motion must be granted as to plaintiff's
24 second, fifth, and sixth causes of action, without leave to amend.
25 ////
26 ////

7

### c. Common Law Tort Claims

In addition to failing to comply with the California Government Tort Claims Act, plaintiff's common law tort claims must be dismissed because they fail to allege an authorizing statute.

Four of plaintiff's causes of action allege common law tort claims. Her third claim alleges the tort of false light. Her fourth cause of action alleges negligence. Her eleventh cause of action alleges intentional infliction of emotional distress. Finally, her twelfth claim alleges negligent infliction of emotional distress.

California law bars liability for any public entity or employee for injuries caused by their act or omissions, unless otherwise provided by statute. Cal. Gov't Code § 815. The legislative committee comment for this section described the purpose of this statute as "abolish[ing] all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution. . . ." The California Supreme Court explained that this section is to restrict governmental liability to narrow and statutorily-delineated circumstances. <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 838 (Cal. 1976).[5] Courts have held specifically that this section grants immunity to public school districts and employees for negligence, intentional infliction of emotional distress, and

---

[5] The court observes that, with regards to the plaintiff's false light claim, not only has she identified no statute that permits this claim, but California law specifically bars this cause of action where the plaintiff alleges the defendant made statements in "any . . . official proceeding authorized by law." Cal. Civ. Code § 47(b).

8

negligent infliction of emotion distress. See, e.g., <u>Davidson ex rel. Sims v. Santa Barbara High School District</u>, 48 F. Supp. 2d 1225, 1232 (C.D. Cal. 1998).

Because the plaintiff has not alleged any statute that would permit her common law tort claims against the defendants, the defendant's motion must be granted as to her third, fourth, eleventh, and twelfth causes of action.

### d. Retaliation Claim

In addition to being barred by the California Tort Claims Act, the plaintiff's retaliation claim is also specifically barred by California law.

In her first cause of action, the plaintiff alleges that the defendant violated California Civil Code section 52 by terminating her employment after she exercised her right of free speech and other unspecified "fundamental civil and statutory rights." She alleges that the defendants also "blacklisted" her by having brought about the loss of her teaching license.

California Civil Code section 52 provides a claim for damages for a violation of the California Unruh Civil Rights Act. The Unruh Civil Rights Act prohibits discrimination based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation." Cal. Civ. Code § 51. It specifically prohibits blacklisting based on any of these characteristics. <u>Id.</u> § 51.5. The Unruh Civil Rights Act, however, does not encompass allegations of employment discrimination. <u>Alcorn v. Anbro Engineering, Inc.</u>, 2 Cal. 3d 493, 499-500 (Cal. 1970).

9

Moreover, the complaint has not pled sufficient causes of action under the additional code sections mentioned in the first claim. Included in the first claim is the statement that, "California Labor Code Section 232.5 recognizes the statutory right to disclose information regarding employment conditions." If, by way of this statement, the plaintiff intended to plead a cause of action under section 232.5, such a claim is inadequately pled. Section 232.5 forbids employers from denying employees the right to disclose information about working conditions or from discriminating against an employee who does. The plaintiff, however, has not pled what her alleged working conditions were nor what she was prevented from or discriminated against for disclosing. Therefore, if the plaintiff intended to plead a cause of action under California Labor Code section 232.5, her complaint lacks the requisite factual allegations. See Bell Atlantic, 127 S. Ct. at 1968-69.

Similarly, to the extent that the plaintiff's first cause of action pleads a claim under California Labor Code section 1050, the complaint is also inadequately pled. The plaintiff alleges that, "The acts of defendants in causing the loss of [the plaintiff's] licensure effectively and constructively constituted blacklisting in violation of California Labor Code Section 1050." Section 1050 prohibits an employer from making misrepresentations about a former employee, which prevents or attempts to prevent the former employee from obtaining new employment. The plaintiff has not alleged what misrepresentations the defendants made, after the plaintiff's

10

1  discharge. If the plaintiff intended to plead a cause of action
2  under California Labor Code section 1050, her complaint lacks the
3  requisite factual allegations. See Bell Atlantic, 127 S. Ct. at
4  1968-69.

5  Because the plaintiff does not plead a cause of action upon
6  which relief may be granted under California Civil Code section 52
7  and has inadequately pled causes of action under California Labor
8  Code sections 232.5 and 1050, the defendants' motion must be
9  granted as to the plaintiff's first claim, with leave to amend.

### e.  Immunity of Defendant Cunningham

Public employees are typically immune from liability for their discretionary acts. Caldwell v. Montoya, 10 Cal. 4th 972 (Cal. 1995). A public employee has broad immunity for employment decisions. Cal. Gov't Code §§ 820, 820.2; Caldwell, 10 Cal. 4th at 981-82 (immunity for school board "dealing with personnel problems," including the decision to fire a school superintendent). A complaint against a public employee must allege facts that would permit an inference that the defendant is not protected by section 820 immunity. See Smith v. County of Kern, 20 Cal. App. 4th 1826, 1832 (Cal. Ct. App. 1993).

In the her first, second, fourth, fifth, sixth, and eleventh causes of action, the plaintiff alleges that defendant Cunningham wrongfully terminated the plaintiff. Because defendant Cunningham is immune under California law for actions related to the termination of an employee, the plaintiff has not pled any facts that, if true, would afford her relief against defendant Cunningham

for these claims. See Hishon, 467 U.S. at 73. The plaintiff is given leave to amend her first, fourth, and eleventh cause of action to allege facts sufficient to permit the court infer that these causes of action are not barred against defendant Cunningham as a result of her statutory immunity.[6] See Bell Atlantic, 127 S. Ct. at 1967-69.

**2.  Plaintiff's Claims Under the California and United State Constitutions**

**a.  Seventh Cause of Action**

The plaintiff's seventh claim is pled under Article 1, section 2 of the California Constitution and the Fourteenth Amendment of the United States Constitution. In it, the plaintiff alleges that the defendants' infringed on her right to free speech and association. She alleges that "educational issues," "the continuity of a qualified teacher in Adult ESL," and "working conditions" are all matters of public concern. She alleges that, by causing her to be terminated, to be criminally prosecuted, and to lose her teaching licence, the defendants deprived her of her right to free speech. The plaintiff also alleges that the defendants infringed on her freedom of association by refusing to allowing her to volunteer at public school events. She seeks declaratory and injunctive relief, and damages.

---

[6]The court has concluded in section III(A)(1)(b), *supra*, that the plaintiff's second, fifth, and sixth causes of action must be dismissed without leave to amend.

12

The plaintiff has not adequately pled a cause of action under either the state nor federal constitutions.[7] With regards to her free speech claim, the plaintiff has not alleged what speech was circumscribed or prohibited by the defendant. Instead, she appears to allege that her speech included complaints and concerns about the "educational experience" of her children and other students, her temporary employment status, "educational issues pertaining to students," and "working conditions." Such allegations do not sufficiently give the defendants' notice of the nature of her complaint or adequately describe the grounds of her complaint. See Bell Atlantic, 127 S. Ct. at 1965 n. 3. This defect is true of the claim, whether it is pled under the state constitution or federal constitution.[8] The defendants' motion is granted as to this claim, with leave to amend.

### b.   Eighth Cause of Action

The plaintiff brings her eighth cause of action under Article 1, section 7 of the California Constitution and the Fourteenth Amendment of the United States Constitution. She alleges that the defendants terminated her employment without notice or an opportunity to respond and without charges or a hearing. In her

---

[7] The court observes that damages are not an available remedy for a violation of Article 1, section 2 of the California constitution. Degrassi v. Cook, 29 Cal. 4th 333 (Cal. 2002).

[8] The court interprets the plaintiff's reference to the Fourteenth Amendment of the United States Constitution as intending to allege that the defendants' actions violated her rights under the First Amendment of the United States Constitution as incorporated by the Fourteenth Amendment.

13

complaint, the plaintiff alleges that she was not a temporary state employee; at oral argument, however, plaintiff's counsel conceded that the plaintiff was a temporary employee, although she believed she should have been reclassified. The plaintiff alleges that the defendants caused her to be deprived of her liberty by falsely accusing her of crimes, for which she was subsequently arrested and prosecuted, although prosecution was later dropped.  She also alleges that the defendants caused her to be deprived of her employment, in which she had a protected property interest.

The plaintiff has not pled a cause of action under the United States and California constitutions.[9] Under California law, a temporary employee can be summarily discharged from her employment. See Kavanaugh v. West Sonoma County Union High School Dist., 29 Cal. 4th 911, 917-18 (Cal. 2003); Taylor v. Board of Trustees, 36 Cal. 3d 500, 505 (Cal. 1984).  Consequently, a temporary employee has no right to a hearing before being terminated and only has a right to a limited form of notice. Kavanaugh, 29 Cal. 4th at 1273. The procedural due process violations that the plaintiff alleges, therefore, are not tenable bases of relief under California law.[10]

---

[9] The court also observes that damages are not an available remedy for a violation of article 1, section 7 of the California Constitution. Carlsbad Aquafarms, Inc. v. State Dep't of Health Services, 83 Cal. App. 4th 809 (Cal. Ct. App. 2000).

[10] At paragraph 62 of her eighth cause of action the plaintiff has alleged that she was a permanent or provisional employee, although she alleged elsewhere in her complaint and counsel at oral argument claimed that she was a temporary employee who should have been classified as a permanent or provisional employee. It appears that California law supports the position that an employee who is misclassified is owed the degree of due process corresponding to

Because the scope of the property interests protected by the federal Constitution are defined by state law, <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 539 (1985), both the plaintiff's federal and state claims alleging violations of her property rights must be dismissed. The plaintiff is granted leave to amend.

### c. Ninth Cause of Action

The plaintiff brings her ninth cause of action under the California and United States Constitutions. She identifies this claim as a violation of right to privacy. She alleges that the "conduct of the defendants infringing [the plaintiff's] rights to and in liberty and property and denying her the right to associate deprived her of the constitutionally protected right to privacy."

To assert a cause of action for the invasion of the California constitutional right to privacy, the plaintiff must allege: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, and (3) conduct by the defendant that constitutes a serious invasion of privacy. <u>Hill v. National Collegiate Athletic Assn.</u>, 7 Cal. 4th 1, 35 (Cal. 1994). Even drawing every inference in favor of the plaintiff, she has not pled these elements, nor has she pled sufficient facts to provide fair notice of the nature of

---

that employee's correct classification. <u>See</u> <u>Bakersfield Elementary Teachers' Ass'n v. Bakersfield City School Dist.</u>, 145 Cal. App. 4th 1260, 1301-1302 (Cal. Ct. App. 2006). Nonetheless, laches may bar a plaintiff from proceeding on such a due process claim if she unreasonably and prejudicially failed to challenge her classification prior to her termination. <u>See</u> <u>id.</u> at 1274-75. At this stage of the proceedings, the court expresses no opinion as to the applicability of either of these rules to the present case.

15

the claim and the grounds upon which it rests. See Bell Atlantic, 127 S. Ct. at 1965 n. 3.

Furthermore, she has not alleged facts that suffice to state a cause of action under the federal constitution for violation of one's right to privacy. See Paul v. Davis, 424 U.S. 693, 713 (1976)(identifying the Constitutional right to privacy as encompassing "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education").

Therefore, the defendant's motion to dismiss must be granted as to the plaintiff's ninth cause of action. Plaintiff is given leave to amend.

**3.   Plaintiff's Claim Under 42 U.S.C. § 1983**

In her tenth claim, she alleges that defendants violated her civil rights under 28 U.S.C. section 1983.

To state a claim under section 1983, a plaintiff must plead that a person acting under the color of state law engaged in conduct that deprived the plaintiff of rights, privileges, or immunities secured by the federal Constitution, and that this caused the plaintiff damages. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The plaintiff need only plead that "the conduct complained of was engaged in under color of state law, and that such conduct subjected the plaintiff to the deprivation of rights, privileges, and immunities secured by the Constitutions of the United States." Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962).

16

Here, the plaintiff has adequately stated a claim under section 1983. She has alleged that the defendants acted under color of state law because they receive funding from the City of Benicia and because the school board is elected by local voters. The defendants' conduct of which plaintiff complains is defendants' terminating her employment, causing her arrest and prosecution, and causing her loss of teaching license. Finally, she alleges that this deprived her of her Constitutional rights to free speech, association, and due process. No additional facts are required to be pled. See Marshall, 301 F.2d at 646.

**B.     Request for Punitive Damages**

In her prayer for relief, the plaintiff seeks punitive damages against defendant BUSD for her first, third, fourth, tenth, eleventh, and twelfth causes of action. Under California law, public entities are not liable for punitive damages. Cal. Gov't Code § 818. A county is a public entity, as is a school district. Id. § 811.2; Wright v. Compton Unified School Dist., 46 Cal. App. 3d 177 (Cal. Ct. App. 1975). Moreover, a public entity cannot be sued under 42 U.S.C. § 1983 for punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Therefore, the plaintiff's prayer for punitive damages must be dismissed as to defendant BUSD.[11]

### IV.   CONCLUSION

For the reasons above, the court orders:

---

[11] Because the court dismisses the plaintiff's claim for punitive damages, the defendants' motion to strike is moot.

17

1. The defendants' motion to dismiss is GRANTED as to the plaintiff's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, and twelfth causes of action. The defendants' motion to dismiss is DENIED as to the plaintiff's tenth cause of action.

2. The plaintiff is granted leave to amend her first, third, fourth, seventh, eighth, ninth, eleventh, and twelfth causes of action. She is granted thirty days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED: November 16, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT