UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURIE ELLEN FLANAGAN,

        Plaintiff,

    v.

BENICIA UNIFIED SCHOOL
DISTRICT, a governmental
agency, SHALEE CUNNINGHAM,
an individual,

        Defendants.
_____/

NO. CIV. S-07-333 LKK/GGH

O R D E R

    The plaintiff was a school-teacher at the Benicia Unified School District ("BUSD"). She has brought suit against BUSD and Shalee Cunningham, the Superintendent of the School District, alleging nine causes of action relating to her termination from her position. The defendants have moved for dismissal, for a more definite statement, and to strike. For the reasons set forth below, the court grants in part the motion to dismiss and

////

////

1

for a more definite statement. It denies the motion to strike.[1]

## I. BACKGROUND AND ALLEGATIONS

The court described the allegations of the plaintiff's complaint in its November 19, 2007 order. Essentially, the plaintiff has alleged that she was a probationary employee of BUSD and was wrongfully discharged. She also has alleged that BUSD and Defendant Cunningham reported misinformation about the plaintiff to the California Commission on Teacher Credentialing and the Benicia Police Department, causing her to lose her credentialing and to be criminally prosecuted.

In accordance with the court's November 19, 2007 order, the plaintiff filed a Second Amended Complaint on December 16, 2007. In it, she provides additional factual allegations supporting her causes of action. Among other things she alleges that BUSD misclassified her employment status as probationary, leading to her termination without the process due to her had she been classified correctly. She also alleges that she attempted to notify the appropriate government agency of her allegations prior to filing suit, and that BUSD had actual knowledge of her allegations by an e-mail to each member of BUSD's Board.

The plaintiff's Second Amended Complain alleges nine causes of action: (1) violations of her state and federal due process rights, (2) violation of her right to free speech under the California and United States Constitutions, (3) violation of her

---

[1] As is typical a "shotgun" complaint elicits a "shotgun" motion.

2

1  right to free association under the California and United States
2  Constitutions, (4) violation of her right to privacy under the
3  California and United States Constitutions, (5) unlawful
4  retaliation, (6) civil rights violations under 42 U.S.C. § 1983,
5  (7) false light, (8) negligence, and (9) infliction of emotional
6  distress. She seeks compensatory and treble damages against all
7  defendants and punitive damages against Defendant Cunningham, as
8  well as injunctive relief.

## II. STANDARDS

**A.  Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may not dismiss the complaint if there is a reasonably founded hope that the plaintiff may show a set of facts

3

consistent with the allegations. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967-69 (2007). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

**B.   Standard for Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A party may bring on a motion to strike within 20 days after the filing of the pleading under attack. The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so. See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d ' 1380; See also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985). If the court is

4

in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at ' 1380.

**C.   Standard for Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "The situations in which a Rule 12(e) motion is appropriate are very limited." 5A Wright and Miller, Federal Practice and Procedure § 1377 (1990). Furthermore, absent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

### III. ANALYSIS

The defendants move to dismiss all but plaintiff's sixth cause of action. They also move to strike her request for

5

punitive damages and certain other portions of the Second Amended Complaint. Finally, they move for a more definite statement of some of the plaintiff's allegations.

For the reasons provided herein, the court grants in part the motion to dismiss and for a more definite statement. It denies the motion to strike.

**A.   Motion to Dismiss**

   **1.   Claim Two: Violation of Plaintiff's Right to Free Speech**

The defendants move to dismiss those portions of the plaintiff's second cause of action relying on rights which plaintiff asserts are protected by the First Amendment of the United States Constitution. In that cause of action she alleges that she suffered adverse employment consequences when she attempted to discuss her concerns about her son's school performance and her own employment status. The court grants this motion in part.[2]

Under present doctrine the government, as employer, may restrict an employee's speech unless the speech pertains to matters of "public concern". Connick v. Myers, 461 U.S. 138, 146 (1983); Brewster v. Bd. of Educ. of Lynwood Sch. Dist., 149 F.3d 971, 978 (9th Cir. 1998). On the other hand, where the employee is speaking as a citizen on a matter of public concern, the

---

[2] Because the court considers this in the context of defendants' motion to dismiss, it need not address the defendants motion to strike these portions of the Second Amended Complaint.

6

1  employer may not lawfully restrict her speech. <u>United States v.</u>
2  <u>Nat'l Treasury Employees Union</u>, 513 U.S. 454, 466 (1995); <u>see</u>
3  <u>also</u> <u>Urofsky v. Gilmore</u>, 216 F.3d 401, 406 (4th Cir. 2000).
4  Something is said to be of public concern if it relates to the
5  community's "political, social, or other concerns." <u>Connick</u>, 462
6  U.S. at 146. In contrast, public employee's statements pursuant
7  to their official duties do not qualify as matters of public
8  concern. <u>Garcetti v. Ceballos</u>, 547 U.S. 410 (2006). Whether a
9  matter is of public concern is a question of law. <u>Connick</u>, 462
10 U.S. at 148 n. 7.
11     Here, the plaintiff's second claim insofar as it relies on
12 allegations that plaintiff  made statements regarding her
13 employment classification is not viable under present law. The
14 plaintiff's statements about her classification are said to
15 relate to private matters which do not enjoy protection under
16 the First Amendment. <u>See</u> Connick,461 U.S. at 147-38, <u>Nunez v.</u>
17 <u>Davis ,</u> 169 F.3d 1222, 1226-27 (9th Cir. 1999).
18     To the extent that the plaintiff alleges that she made
19 statements concerning her son's education, however, it is not
20 clear that the court can conclude that as a matter of law these
21 statements were not of public concern and consequently that the
22 claim should be dismissed. Where a public employee speaks on
23 matters as a private citizen, which also incidentally relate to
24 her employment, a court may find that these matters are of
25 "public concern." <u>See</u>, <u>e.g.</u>, <u>Mt. Healthy City Sch. Dist. Bd. of</u>
26 <u>Educ. v. Doyle</u>, 429 U.S. 274, 284 (1977)(accepting district

7

court's finding that a teacher's communications to a radio station about the school dress code were protected by the First and Fourteenth Amendment). Here, the plaintiff alleges that she complained to the defendants about the fact that her son had received failing grades based on his behavior, not his academic performance, and that he had not received adequate support from the school. These are not statements relating to the plaintiff's own employment, nor were they made as part of the plaintiff's official duties. See Garcetti, 547 U.S. at 410; Connick, 461 U.S. at 147-48. Moreover, although the statements concerned the plaintiff's son specifically, they arguably raised issues of public concern, namely, whether the defendants adequately responded to students with behavior problems in class. Cf. Doyle, 429 U.S. at 284. So construed, it would appear that these statements could provide a viable basis for the plaintiff's cause of action alleging a violation of her right to free speech.

Accordingly, the court grants the defendants' motion to dismiss the plaintiff's second cause of action, only insofar as it alleges that the defendants deprived her of her rights under the First Amendment of the federal Constitution by impeding her ability to speak about her employment classification. See Second Amended Complaint ¶¶ 44-45.

**2.   Compliance With the California Government Claims Act**

The defendants move to dismiss plaintiff's fifth, seventh, eighth, and ninth causes of action on the grounds that the

8

plaintiff has not complied with the presentment requirement of the California Government Claims Act.[3] Again, The court will grant this motion in part.

As the court explained in its November 19, 2007 order, the Government Claims Act requires that any person who would bring suit against a public entity must first present a written claim to the entity's board. Cal. Gov't. Code § 945.4. In that order, the court dismissed the plaintiff's causes of action based on state law, because she had not alleged compliance with the Government Claims Act or alleged that an exception to it applied.

The plaintiff has remedied this failure in her Second Amended Complaint in which she alleges that she contacted the Benicia Police Department to inquire as to how she should submit a claim and was directed to the Benicia City Manager's office. She alleges that the Manager's office confirmed to the plaintiff that it was the proper office to receive her claim. Accordingly, the plaintiff alleges, she filed a claim with that office. She also alleges, however, that she sent an e-mail message to each member of the BUSD Board "reiterating the complaints of the type she advanced in her Claim." Receipt of this e-mail, she alleges, was confirmed by the BUSD Board President. These facts suffice to allege both that the plaintiff substantially complied with

---

[3] The California Government Claims Act is now the correct appellation of what had been the Tort Claims Act. <u>City of Stockton v. Superior Court</u>, 42 Cal. 4th 730 (2007).

1 the requirements of the Government Claims Act and that the
2 defendants have waived the argument that the plaintiff's claims
3 should be dismissed for non-compliance with the Act.
4     A plaintiff is deemed to have substantially complied with
5 the Government Claims Act if the claim was actually received by
6 the proper board. Kaslavage v. West Kern County Water Dist., 84
7 Cal. App. 3d 529, 538 (1978); see also Elias v. San Bernadino
8 County Flood Control Dist., 68 Cal. App. 3d 70, 74 (1977). The
9 purpose of the Act is said to be to give the proper Board the
10 opportunity to investigate the claims, resolve them without
11 litigation, or prepare for litigation. Jamison v. State of
12 California, 31 Cal. App. 3d 513, 518 (1967); Dilts v. Cantua
13 Elementary School Dist., 189 Cal. App. 3d 27, 33 (1987). It
14 follows that a court should construe the substantial compliance
15 rule liberally, permitting the claim to proceed where it appears
16 the purpose of the Act has been met by the proper Board's actual
17 knowledge of the claim within the presentment period. Dilts, 189
18 Cal. App. 3d at 33. Here, the plaintiff has alleged facts that,
19 if true, would appear to constitute substantial compliance. She
20 alleges that the Board received her claims via e-mail in a "bona
21 fide effort to comply with the presentment requirement." This
22 would have given the BUSD Board the opportunity to investigate
23 her claims and attempt to resolve them. The court can see no
24 reason why the plaintiff's actions do not constitute substantial
25 compliance with the Act.
26     Even if the plaintiff has not substantially complied with

the Act, the plaintiff has alleged facts that, if true, would show that the defendants waived this defense. When a public entity receives notice of a claim for damages but that notice is so defective so as to not constitute substantial compliance with the Act, the entity has a duty to contact the claimant and alert her to the deficiencies. Phillip v. Desert Hospital Dist., 49 Cal. 3d 699 (1989); Cal. Gov't Code § 910.8. The claimant is then given time to correct the deficiencies. Cal. Gov't Code § 911.3; Phillip, 49 Cal. at 705-706. If the entity does not do this, it waives any defense "as to the sufficiency of the claim based upon a defect or omission in the claim as presented . . . ." Cal. Gov't Code § 911. Here, the plaintiff pleads that she contacted the BUSD Board members by email and stated here claims therein, and that she was not notified that the manner of presenting her claim was deficient. This suffices to allege that, per California Government Code section 911, BUSD has waived its defense that the plaintiff's claims are barred for non-compliance with the Government Claims Act.[4]

---

[4] The plaintiff also argues in her opposition that because the BUSD Board did not inform her that her claim had not been properly submitted, the defendants are equitably estopped from asserting now that the plaintiff did not comply with the Government Claims Act. A public entity is equitably estopped from asserting as a defense that the Act has not been complied with, when the entity's agents have prevented or deterred compliance through some affirmative act. John R. v. Oakland Unified School Dist., 48 Cal. 3d 438, 445 (1989). The plaintiff has not alleged, however, that BUSD's agents took any affirmative act to deter her compliance with the presentment requirements, but rather that they failed to act when they had a duty to do so under California Government Code section 911. This theory does not support the plaintiff's argument of equitable estoppel, but only her waiver allegations, as discussed

11

One deficiency with her pleading of compliance with the presentment requirement occurs with regards to the plaintiff's fifth cause of action. In this claim, the plaintiff alleges that the defendants unlawfully retaliated against her and she seeks to enforce this through California Civil Code section 52.1 (the Bane Act). The Government Claims Act requirements apply to causes of action brought under the Bane Act. <u>Gatto v. County of Sonoma</u>, 98 Cal. App. 4th 744, 760 (2002). Because the plaintiff does not plead substantial compliance with or the defendants' waiver of the Government Claims Act in her fifth cause of action, either explicitly or by integration, the fifth cause of action is deficient. The motion to dismiss this claim is granted, with leave for the plaintiff to amend in order to allege compliance with or the defendants' waiver of the Government Claims Act's requirements if such claim can be truthfully made.

**3.  Authorizing Statutes for Plaintiff's Tort Claims**

The plaintiff has alleged three tort claims: false light (claim seven), negligence (claim eight) and infliction of emotional distress (claim nine). The defendants move to dismiss these claims as not being expressly permitted by a state statute, which is required for a public entity to be held liable. <u>See</u> Cal. Gov't Code § 815. The court denies this motion, except as to certain aspects of the plaintiff's negligence above.

12

1 claim.

2     The court explained in its November 19, 2007 order that a
3 public entity or its employees are not liable for injuries
4 caused by their acts or omissions, unless the cause of action is
5 specifically authorized by a state statute. Cal. Gov't Code §
6 815. The court dismissed the plaintiff's tort claims in that
7 order because the plaintiff had not pled any facts from which
8 one could infer they were authorized by statute. This error has
9 been remedied in her Second Amended Complaint.

10     A public entity or its agents can be sued for negligence if
11 it failed to discharge a mandatory duty. Cal. Gov't Code §
12 815.6. Specifically, a public entity may be liable for
13 negligence if "an enactment" has created a mandatory, not
14 discretionary, duty for the purpose of protecting against the
15 risk of the type of injury which the plaintiff complains of,
16 and that the breach of the duty has proximately caused the
17 plaintiff's injuries. <u>Becerra v. County of Santa Cruz</u>, 68 Cal.
18 App. 4th 1450, 1458 (1998). "An enactment" includes any statute,
19 constitutional provision, charter provision, ordinance or
20 regulation. Cal. Gov't Code § 810.6.

21     A school district has a mandatory duty to classify its
22 employees in accordance with the statutory scheme. Cal. Educ.
23 Code §§ 44831, 44929.21, 44917, 44920; see <u>Cal. Teachers Ass'n</u>
24 <u>v. Vallejo City Unified School Dist.</u>, 149 Cal. App. 4th 135
25 (2007). In her eighth cause of action, the plaintiff has pled
26 that the defendants were negligent by breaching their duty to

classify her correctly, which resulted in her not receiving the due process to which she would have been entitled had she been properly classified. This cause of action meets the requirements of Government Code section 815.6.

The plaintiff's negligence claim also pleads, however, that defendant Cunningham had a duty to conduct an "employment investigation" accurately and that she breached that duty. <u>See</u> Second Amended Complaint ¶ 92. The court is aware of no enactment -- and the plaintiff indicates none in her complaint nor in her Opposition to the defendants' motion -- that establishes this as a mandatory duty. Consequently, to the extent that the plaintiff's negligence claim is premised on allegations of defendant Cunningham's failure to properly conduct an employment investigation, this cause of action is not permitted under Government Code section 815.6.[5]

The plaintiff's seventh and ninth causes of action, for false light and infliction of emotional distress, respectively, appear to the court to be authorized by state statute. A plaintiff is permitted under California law to bring suit against state official for intentional torts. Cal. Gov't Code § 815.3. That claim may be brought so long as the plaintiff alleges that the official's conduct was intentional and so long as the state agency and the official are named as co-defendants. <u>See</u> <u>id.</u> Here, the plaintiff has pled in her infliction of

---

[5] The fact that such failure led to the misclassification in no way undermines that aspect of plaintiff's claim.

14

1  emotional distress claim that defendant Cunningham acted
2  intentionally in committing the acts upon which the claim is
3  based. Second Amended Complaint ¶ 95. The plaintiff has also
4  named BUSD and defendant Cunningham as co-defendants, as
5  Government Code section 815.3 requires. Therefore, the
6  plaintiff's ninth cause of action for infliction of emotional
7  distress is pled in a way that makes it not subject to dismissal
8  under Government Code section 815.6.

9  Similarly, the plaintiff's seventh cause of action for
10 false lights is authorized by Government Code section 815.3. The
11 elements of the tort of false light are (1) the defendant caused
12 to be generated publicity of the plaintiff that was false or
13 misleading, (2) the publicity was offensive to a reasonable
14 person, and (3) that the defendant acted with actual malice.
15 Fellows v. Nat'l Enquirer, Inc., 42 Cal. 3d 234, 238-39 (1986);
16 Reader's Digest Assn. v. Superior Court of Marin County, 27 Cal.
17 3d 244, 265 (1984). Here, the plaintiff has pled that the
18 defendants acted with malice, i.e., intentionally. Second
19 Amended Complaint ¶¶ 13, 69. That coupled with her having named
20 BUSD and defendant Cunningham as co-defendants satisfies the
21 pleading requirements of Government Code section 815.3 and
22 815.6.

23 **4.  Immunity of Defendant Cunningham**

24 Defendant Cunningham moves to dismiss the plaintiff's
25 fifth, seventh, eighth, and ninth causes of action on the
26 grounds that defendant Cunningham is immune from liability. The

15

court denies this motion.

Public employees generally are immune from liability for their acts that constitute an exercise of their discretion. Cal. Gov't Code §§ 820, 820.2; <u>Caldwell v. Montoya</u>, 10 Cal. 4th 972, 981-82 (1995). Clearly, many decisions related to supervision of employees are included within that broad protection. The statute, however, has been characterized by the California Supreme Court, as reaching only "basic policy decisions" and acting at the "planning" level of decision-making. <u>Sanborn v. Chronicle Pub. Co.</u>, 18 Cal. 3d 406, 415-16 (1976). Here, the plaintiff has alleged that some of defendant Cunningham's acts were ministerial, including her misclassification of the plaintiff's employment status, and consequently she enjoyed no immunity for them. The plaintiff's additional factual bases for these claims are that defendant Cunningham reported false or misleading statements to the Benicia Police Department and that she improperly informed the plaintiff's children of employment decisions involving the plaintiff. The plaintiff alleges that this latter group of acts, while not ministerial, do not constitute an exercise of policy-making discretion for which defendant Cunningham would be granted immunity. Since plaintiff's position appears well taken, it suffices to defeat the defendant's motion on this ground. <u>See</u> <u>Lopez v. S. Cal. Rapid Transit Dist</u>., 40 Cal. 3d 780, 794 (1985)(holding that whether a public employee's acts were a conscious exercise of discretion, per Government Code section § 820.2, was a question

of fact and not a basis upon which the court should sustain defendants' demurrer).

**5. Privilege for Defendants' Communications**

The defendants move to dismiss the plaintiff's fourth, fifth, seventh, eighth, and ninth causes of action on the grounds that they are based on privileged communications. The court grants the motion in part.

Under California law, civil actions for damages are barred if based on statements a defendant is alleged to have made in any judicial proceeding or any other proceeding authorized by law. Cal. Civil Code § 47(b). This includes statements made to police, a local prosecutor, or a regulatory agency, even if the statements were made in bad faith. Hagberg v. Ca. Fed. Bank, 32 Cal. 4th 350, 360 (2004). It also includes statements that would prompt an official investigation, which may result in the initiation of judicial proceedings. Id. at 361-64. California courts have applied this privilege liberally to immunize defendants, including in cases of intentional infliction of emotional distress, invasion of privacy, and negligence. Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1241-42 (2007).

Here, the plaintiff's fourth cause of action for invasion of privacy and seventh cause of action for false light are premised on the allegation that defendant Cunningham passed information to the Benicia Police Department that later caused the plaintiff to suffer the tort of false light and invasion of

1  privacy. Second Amended Complaint ¶¶ 55-59, 82-84. The plaintiff
2  has pled no facts that would permit the court to infer that this
3  alleged communication does not fall within the ambit of Civil
4  Code section 47(b) immunity. See also Action Apartment Ass'n, 41
5  Cal. 4th at 1241-42. As it is the only factual basis of her
6  fourth and seventh causes of action, those claims must be
7  dismissed.

8  The plaintiff's fifth, eighth, and ninth causes of action,
9  however, do not rely exclusively on the factual allegation that
10 defendant Cunningham passed information to the Benicia Police
11 Department. To the extent that they do not, defendants' motion
12 must be denied.

**B.   Motion to Clarify**

   **1.   Claim One: Violation of Plaintiff's Due Process Rights**

The defendants move for a more definite statement with regards to the code sections that the plaintiff cites in her first cause of action. The plaintiff acknowledges typographic errors in her Second Amended Complaint and agrees to correct them. To that extent, the court grants the defendants' motion with leave to amend.

   **2.   Claim Two: Violation of Plaintiff's Right to Free Speech**

The defendants move for clarification of the plaintiff's second cause of action on the grounds that she has only cited the Fourteenth Amendment in this claim, not the First Amendment. The defendants note that in its November 19, 2007 order the

1  court stated that it interpreted the plaintiff's claim to state
2  that the defendants violated her First Amendment rights, as
3  inmade applicable to the States  by virtue of the Fourteenth
4  Amendment.
5       The court's statement was made for the sake of precision
6  only. It was not meant to suggest that the plaintiff's claim was
7  defective in this regard. In the present motion, the defendants
8  have not shown that the plaintiff's second cause of action is so
9  vague or ambiguous that the defendants are unable to frame a
10 responsive pleading. See Fed. R. Civ. P. 12(e). The second claim
11 plainly alleges that the defendants violated the plaintiff's
12 rights to free speech under the California and United States
13 Constitutions. The defendants motion for a more definite
14 statement is therefore denied.
15 **C.   Motion to Strike**
16      The defendants move to strike the plaintiff's request for
17 punitive damages, asserting that punitive damages may not be
18 sought against BUSD. The plaintiff's prayer for relief makes it
19 explicit that the plaintiff only seeks punitive damages against
20 defendant Cunningham for the plaintiff's fifth, sixth, seventh,
21 eighth, and ninth causes of action. Second Amended Complaint,
22 Prayer for Relief ¶ 2. Additionally, she has pled in her sixth
23 cause of action that defendant Cunningham acted with the
24 requisite intent that would permit an award of punitive damages.
25 Second Amended Complaint ¶ 13. The motion to strike is denied.
26 ////

**V. CONCLUSION**

In accordance with the above analysis, the court orders as follows:

1. The defendants' motion to dismiss the plaintiff's fifth cause of action is GRANTED;
2. The defendants' motion to dismiss the plaintiff's second, fourth, seventh, and eighth causes of actions is GRANTED IN PART, as stated above;
3. The motion to dismiss is DENIED as to all other claims;
4. The defendants' motion to clarify is GRANTED as to the plaintiff's first cause of action;
5. The plaintiff is granted fifteen days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED: February 14, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT