1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURIE ELLEN FLANAGAN,

11          Plaintiff,                    No. CIV S-07-0333 LKK GGH

12      vs.

13   BENICIA UNIFIED SCHOOL DISTRICT, et al.,

14          Defendants.            <u>ORDER AND FINDINGS AND</u>

15                                 <u>RECOMMENDATIONS</u>

16   _____/

17          Presently before the court are defendants' "motion to strike or dismiss plaintiff's

18   first amended complaint under FRCP Rule 37(b)(2)(C), exclude damages evidence under FRCP

19   Rule 37(c)(1), or in the alternative, to compel plaintiff to provide further initial disclosures and

20   request for monetary sanctions," filed October 30, 2007, and defendants' motion to compel

21   further responses to interrogatories and requests for production, and for sanctions, filed October

22   25, 2007.[1]

23   \\\\\

24   \\\\\

25   _____

26      [1] These matters were taken under submission without a hearing.  Order, filed November
     7, 2007.

1

1 | INTRODUCTION

2 |      This action is now proceeding on the third amended complaint.  Plaintiff alleges

3 | she was terminated from her employment with Benicia Unified School District ("District") where

4 | she was a school teacher and taught English as a second language to adults in the evening.  Her

5 | allegations include erroneous classification as temporary and resulting due process violations.

6 | The District defends her termination due to alleged falsification of time cards and class rosters,

7 | representing that certain students were taking her class when they were not in her class.  Plaintiff

8 | seeks monetary damages of $450,000 including lost wages, lost promotional opportunities and

9 | benefits, emotional distress damages, attorneys' fees and costs, and punitive damages.  Pursuant

10 | to the current scheduling order, filed January 7, 2008, the discovery cutoff is August 15, 2008.

11 |      Since these motions were filed, there have been further amendments to the

12 | complaint.  Between October 4, 2007, and March 19, 2008, it was unclear what claims would go

13 | forward in this case and consequently what discovery would be permitted.  Therefore, on April 3,

14 | 2008, after the third amended complaint had been filed and answered, this court directed the

15 | parties to submit updated joint statements outlining what disputes were currently at issue based

16 | on this version of the complaint.  The parties filed updated joint statements on April 17, 2008.

17 | Having reviewed the joint statements and supporting papers, the court now issues the following

18 | order.

19 | DISCUSSION

20 |     I.  Defendants' Motion to Compel Further Initial Disclosures and for Sanctions

21 |      Defendants previously brought a motion to compel further initial disclosures,

22 | which this court addressed in a ruling issued on September 6, 2007.  At that time, plaintiff had

23 | provided further initial disclosures the day before the joint statement was filed, and therefore the

24 | court ruled only on defendants' motion for sanctions, imposing a sanction of $1,560 against

25 | plaintiff's counsel only.  Order, filed September 6, 2007.  Plaintiff's counsel paid this amount,

26 | \\\\\

1  but only after defendants filed another motion to compel, and more than two months after the

2  court ordered payment.[2]

3         Defendants now move to compel further initial disclosures and production of

4  documents which support plaintiff's second amended initial disclosure, provided to defendants

5  while the instant motion to compel was pending, on November 12, 2007.  Gotch Supp. Decl., Ex.

6  A, filed November 20, 2007.  Defendants seek sanctions in the form of striking the complaint,

7  dismissing the case with prejudice, excluding from use in this case plaintiff's evidence which

8  was not disclosed, monetary sanctions, and/or production of the documents supporting the

9  second amended disclosure.  In support, defendants point to references by plaintiff to additional

10 expected documents and new information.  Seligman Decl., ¶ 7; Ex. 2, filed November 20, 2007.

11         Plaintiff contends that, similarly to her arguments last time this matter was

12 presented, she is again homeless, and that due to a litany of housing transitions, some records

13 were lost.  To the extent plaintiff had possession of pertinent documents, she contends that she

14 provided them to defendants.  If there is additional documentation, plaintiff argues that it is

15 exclusively in defendants' possession.  Due to plaintiff's indigent status and physical ailments,

16 she claims she is unable to do more.[3]  Plaintiff goes on to state, however, that she has additional

17 information that was acquired after April 1, 2008, and that it will be available shortly.  This

18 information pertains to criminal reports concerning Benicia Unified School District's ("BUSD")

19 school board president, Dirk Fulton and defendant Cunningham.  She maintains that the

20 information related to damages was provided to defendants.

21         Federal Rule of Civil Procedure 26(a) requires a party to disclose not only

22 information but documents it may use to support its claims or defenses.  Fed. R. Civ. P.

23 ───────────────

24 [2]  Plaintiff's counsel explained that he was financially unable to make payment until December 13, 2007.  Seligman Decl., filed November 20, 2007, at ¶ 10.

25 [3]  Although plaintiff was suffering from medical problems around the time of the
26 previous hearing, it appears that her condition worsened to the extent that she was hospitalized on November 30, 2007, and was "facing death."  Seligman Decl., filed December 7, 2007.

26(a)(1)(A)(ii).  The party is also required to supplement or correct its disclosures in a timely

manner.  Fed. R. Civ. P. 26(e).

> (1) Failure to Disclose or Supplement.  If a party fails to provide
> information or identify a witness as required by Rule 26(a) or (e),
> the party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless the failure
> was substantially justified or is harmless.  In addition to or instead
> of this sanction, the court, on motion and after giving an
> opportunity to be heard:
> (A) may order payment of reasonable expenses, including
> attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the
> orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion,

to impose a wide range of sanctions when a party fails to comply with the rules of discovery or

with court orders enforcing those rules."  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585,

589 (9th Cir. 1983).  Professors Wright and Miller have opined:

> Any failure to disclose, regardless of the reason for it, brings the
> sanctions of Rule 37 into play, although the reason for the failure is
> an important consideration in determining what sanction to impose.
> If the failure is because of inability to comply, rather than because
> of willfulness, bad faith, or any fault of the party, the action may
> not be dismissed, nor a default judgment given, and less severe
> sanctions are the most that should be invoked.

8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

> If the motion is granted or if the disclosure or requested discovery
> is provided after the motion was filed, the court shall, after
> affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to the moving party
> the reasonable expenses incurred in making the motion, including
> attorney's fees, unless the court finds that the motion was filed
> without the movant's first making a good faith effort to obtain the
> disclosure or discovery without court action, or that the opposing
> party's nondisclosure, response, or objection was substantially
> justified, or that other circumstances make an award of expenses

4

1    unjust.

2  Fed. R. Civ. P. 37(a)(4)(A).

3        "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient

4  party to show that his failure is justified or that special circumstances would make an award of

5  expenses unjust.  Notes of the Advisory Committee on Rule 37."  David v. Hooker, 560 F.2d

6  412, 419 (9th Cir. 1977).

7        Except for non-privileged Rule 26 documents which could not have been

8  discovered thus far in the exercise of reasonable diligence, the time has come and gone for initial

9  disclosures.  It is not likely that the trial judge will look kindly on the attempted use of supporting

10 Rule 26 documents which were not produced in accordance with court orders.  Unless substantial

11 justification is found, sanctions are mandatory, and documents not produced for initial

12 disclosures without valid excuse will be precluded from use.  Fed. R. Civ. P. 37(a)(3), 37(c)(1);

13 see Klonoski v. Mahlab, 156 F.3d 255, 268-269 (1st Cir. 1998) (initial disclosures); Elswick v.

14 Nichols, 144 F. Supp. 2d 758, 762 (E.D. Ky. 2001) (expert report); Dana Corp. V. American Std,

15 Inc., 866 F. Supp. 1481, 1508 (n.97) (N.D. Ind. 1994) (striking of documents warranted).

16       As this is the second such motion on the issue of initial disclosures in regard to

17 damages calculations, and plaintiff's counsel was already sanctioned in a previous order, the

18 court fails to find substantial justification.  Rather than an evidentiary ruling or monetary

19 sanctions, this court will recommend dismissal of the action, based on plaintiff's actions in

20 regard to these initial disclosures, and her actions in regard to the remainder of propounded

21 discovery, as discussed in regard to defendants' second motion infra.  Although plaintiff's plight

22 demands some sympathy, plaintiff should not forget that she is the one who initiated this lawsuit

23 and should have been prepared for the work required of it.  Plaintiff's excuses have not changed

24 since the last sanctions order and although this court does not expect miracles, plaintiff must use

25 her best efforts to comply with her discovery obligations.  Because the previous sanctions do not

26 \\\\\

1  appear to have altered plaintiff's conduct in regard to discovery, more severe sanctions are now

2  warranted.

3       II.  Defendants' Motion to Compel Further Responses to Interrogatories and Requests for

4  Production, and for Sanctions

5            Pursuant to the April 3, 2008 order which directed the parties to "submit concise

6  joint statements for the submitted motions which outline whether any disputes are remaining or

7  whether discovery is no longer necessary due to the intervening amendments to the complaint,"

8  the parties filed a supplemental joint statement which outlines only their position on whether the

9  requested discovery is relevant to the claims or defenses in the third amended complaint.  The

10 parties specifically state that they reassert their previous arguments as raised in the original joint

11 statement.

12           The original joint statement, filed November 8, 2007, pertains to defendants'

13 special interrogatories, set one, and request for production of documents, set one, served by mail

14 on July 9, 2007.  Plaintiff claims to have served responses on August 10, 2007, but they were

15 returned by the U.S. Postal Service with a note stating that, due to security reasons, packages

16 weighing more than 13 ounces must be taken to a retail branch of the post office.  Plaintiff then

17 mailed the responses by Federal Express and they arrived at defense counsel's office on August

18 17.  Defendants argue that because service was not timely, objections were waived, and that even

19 if objections are not waived, they are without merit and in bad faith because there are no

20 substantive responses whatsoever.

21       A.  Procedural Prerequisite For Invocation of a Privilege

22            "Whether a responding party states a general objection to an entire discovery

23 document . . . or generally asserts a privilege objection within an individual discovery response,

24 the resulting 'blanket objection' is decidedly improper."  Eureka Financial v. Hartford Acc. and

25 Indem., 136 F.R.D. 179, 182 (E.D. Cal. 1991).  "[B]lanket assertions of the privilege[s] are

26 'extremely disfavored.' . . .  The privilege[s] must ordinarily be raised as to each record sought to

allow the court to rule with specificity." Clarke v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992) (referring to the attorney client privilege) (citation omitted).[4]  The party asserting the privilege has the burden to establish each element. Id.  "[T]his burden can be met only by an evidentiary showing based on competent evidence, and cannot be 'discharged by mere conclusory or ipse dixit assertions.'" Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (quoting von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987)). See also In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (finding privilege log and affidavits met burden).

A successful objection should specifically state the objection and how it relates to the particular request being opposed, and not merely incant the familiar litany that a request is "overly broad and burdensome" or "oppressive" or "vexatious" or "not reasonably calculated to lead to the discovery of admissible evidence."  Rather, the objection must show **specifically how**, despite the broad and liberal construction afforded the federal discovery rules, each request is irrelevant or overly broad, burdensome or oppressive.  In short, in light of the broad construction given to discovery requests, the objecting party has a heavy burden to show why discovery should be denied, by clarifying and explaining its objections, and providing support therefor.  Failure to meet this obligation may result in waiving  the objections.  See Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (objections should be plain and specific); 8 C. Wright & A. Miller, Federal Practice & Procedure:  Civil § 2173 (1994;  1999 Suppl.).

Likewise, it is the burden of the party asserting the work product immunity to provide the court with evidence that the documents qualify to be protected by the work product doctrine.  Interstate Production Credit Ass'n. v. Fireman's Fund Ins. Co., 128 F.R.D. 273, 279

---

[4]  See also Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (Fifth Amendment privilege waived by non-specific invocation); Peat, Maruvich, etc. v. West, 748 F.2d 540, 541-42 (10th Cir. 1984).

1  (D.Or. 1989).  Moreover, in camera review "is not to be used as a substitute for a party's

2  obligation to justify its withholding of documents." Diamond State Ins. Co. v. Rebel Oil Co.,

3  Inc., 157 F.R.D. 691, 700 (D.Nev. 1994) (stating that detailed affidavits often necessary to

4  supplement privilege log).  The party with the burden must make a sufficient showing to create a

5  privilege issue *before* in camera review is appropriate.  Id.; accord, Wiener v. F.B.I., 943 F.2d

6  972, 979 (9th Cir. 1991).

7          The sanction to be employed for failure to follow the federal rule for failure to

8  adequately claim privilege in a privilege log is a procedural matter, subject to federal standards

9  when the litigation is pending in federal court.  See Eureka v. Hartford Ins., 136 F.R.D. 179, 182

10  (n.5) (E.D. Cal. 1991) (assertion of privilege and need for specific privilege logs).

11          Under federal law, improper assertions of privilege in the privilege log, failure to

12  timely create a privilege log required under Fed. R. Civ. P. 26(b)(5), or the failure to identify

13  with specificity the information withheld on account of assertion of a privilege, may constitute a

14  waiver of the privilege.  Burlington Northern & Santa Fe etc. v. U.S.D.C. Montana (Kapsner),

15  408 F.3d 1142 (9th Cir. 2005); Dorf & Stanton Communications v. Molsen Breweries, 100 F.3d

16  919 (Fed. Cir. 1996); United States v. Rodriguez, 948 F.2d 914, 916 (5th Cir. 1991); Land Ocean

17  Logistics v. Aqua Gulf Corp., 181 F.R.D. 229, 237-238 (W.D.N.Y. 1998);  Nance v. Thompson

18  Medical, 173 F.R.D. 178, 181 (E.D.Texas 1997); Paulsen v. Case Corp.,168 F.R.D. 285, 289

19  (C.D.Cal. 1996); Cunningham v. Conn. Mutual Life Ins. Co., 845 F. Supp. 1403, 1408 (C.D.Cal.

20  1994); Diamond State Ins. Co. v. Rebel Oil Co. Inc., 157 F.R.D. 691, 697-700 (D.Nev. 1994);

21  Eureka Financial Corp. v. Hartford Accident and Indem.,136 F.R.D. 179, 182 (E.D.Cal. 1991).

22          A waiver based on failure to prepare a privilege log is not automatic, but where a

23  party persists in not adhering to Rule 26 (b)(5), and case law in accordance therewith, even

24  through the meet and confer and following submission of the motion to compel for five months,

25  a waiver should be found.  Eureka, supra.

26  \\\\\

1    Such is the case here.  The initial discovery requests have been pending for over

2   nine months.  Plaintiff's responses consist of blanket objections and boilerplate claims of

3   privilege which are for the most part the same for both her interrogatory responses and responses

4   to requests for production of documents.  A review of the responses indicates that plaintiff has

5   set forth the following boilerplate objections, in a variety of combinations, to all of the discovery.

6    Objection  Plaintiff objects to the interrogatory on the grounds that
     it and every interrogatory propounded is conditioned to plaintiffs
7    Complaint filed November 1, 2006 and not the operative First
     Amended Complaint. As such, the interrogatory is oppressive in
8    that it requests responses to an outdated form of complaint and
     constitutes an intentional annoyance as being inconsistent with the
9    orderly and efficient conduct of the discovery process.

10

11   Objection Plaintiff objects to the interrogatory on the grounds that
     it seeks precisely the same information previously sought in other
12   discovery proceedings conducted by the proponent, namely initial
     disclosures. Moreover, it therefore constitutes an annoyance in
     contradiction to FRCP 26(c). To the extent it is not duplicative it is
13   overly broad and requires a search for information not readily
     available to the plaintiff given her limited economic resources
14   (essentially indigent). In keeping with the expectations of FRCP
     26(b)(2) the burden and expense of providing more information,
15   undoubtedly by hiring private investigator(s), outweighs its likely
     benefit, taking into account the current needs of the case, and
16   especially considering the respective parties' resources (Plaintiff is
     essentially indigent and defendants already employed private
17   investigators to question potential witnesses). For these reasons the
     request is also oppressive as an undue burden or expense pursuant
18   to FRCP 26(c).

19   Objection Plaintiff objects to the interrogatory on the grounds that
     it and every interrogatory propounded demanded a response prior
20   to the operable due date set forth by FRCP 33(b)(3) and FRCP
     6(e). As such, the interrogatory is oppressive in that it requests
21   responses to an outdated form of complaint and constitutes an
     intentional annoyance as being inconsistent with the orderly and
22   efficient conduct of the discovery process.

23   Objection Plaintiff objects to the interrogatory on the grounds that
     the information sought is privileged (see FRE 501). The
24   information and/or documents sought include those prepared in
     anticipation of litigation or for trial and consist of the: Mental
25   Impressions, Conclusions, Opinions or Legal Theories of the
     plaintiffs attorney; such information, therefore, constitutes the
26   Opinion Work Product of the Plaintiff's attorney and is, therefore,

protected from disclosure. The discovery sought is also subject to the Fifth Amendment to the United States Constitution, the Physician-Patient Privilege, the Privilege for Confidential Marital Communications, the Parent-Child Privilege, the Privilege Not to Testify Against a Spouse, and the Privilege Against Self-Incrimination. The interrogatory thereby constitutes oppression, annoyance and embarassment [sic] contradicting FRCP 26(c).

<u>Objection</u> Plaintiff objects to the interrogatory on the grounds that it contains a preface or instruction. The interrogatory thereby also constitutes annoyance contradicting FRCP 26(c).

<u>Objection</u> Plaintiff objects to the interrogatory on the grounds that it does not ask a question. The interrogatory thereby also constitutes annoyance contradicting FRCP 26(c).

<u>Objection</u> Plaintiff objects to the interrogatory on the grounds that it is compound and overly broad with language that requires a search for information that far exceeds the scope of relevant information since plaintiff does not readily know every person with information (or their corresponding contact information) or the contact information of persons she does know. As such the interrogatory also constitutes oppression and undue burden in contradiction to FRCP 26(c).

<u>Objection</u> Plaintiff further objects to the interrogatory on the grounds that it is compound in form and is phrased in conjunctive or disjunctive form ("but not" and "refers to"). Moreover, it therefore constitutes oppression in contradiction to FRCP 26(c).

<u>Objection</u> Plaintiff objects to the question on the grounds that it is presented as a continuing interrogatory. As such the interrogatory also constitutes oppression and undue burden in contradiction to FRCP 26(c).

<u>Objection</u> Plaintiff objects to the question on the grounds that it calls for a legal conclusion ("damages") for which she does not have the requisite training or education.  As such the interrogatory also constitutes an annoyance in contradiction to FRCP 26(c).

Joint Statement, filed November 8, 2007; Gotch Decl., Ex. B, filed October 25, 2007.

These aforestated objections provided in response to the interrogatories were

restated for the most part in response to the document requests also, with the addition of the

following blanket objections:

\\\\\

10

1          <u>Objection</u> Plaintiff objects to the production on the grounds that it
asks the responding party to demonstrate the obvious. The
2          production thereby also constitutes annoyance contradicting FRCP
26(c).

3

4          <u>Objection</u>  Plaintiff objects to the production on the grounds that it
seeks overly broad and excessive disclosure and therefore
constitutes an annoyance in contradiction to FRCP 26(c).

5

6          <u>Objection</u>  Plaintiff objects to the production on the grounds that it
seeks information subject to a separate legal proceeding. Moreover,
it therefore constitutes an annoyance in contradiction to FRCP
7          26(c).

8          <u>Objection</u>  Plaintiff objects to the production on the grounds that it
is overly broad and seeks the information in the possession of the
9          defendant. Plaintiff does not readily have access to "all"
Documents and Things. Plaintiff also objects in that it requests that
10         she respond to a request requiring education and training she does
not possess ("temporary status.") It therefore constitutes an undue
11         burden and annoyance in contradiction to FRCP 26(c).

12   <u>Id.</u>; Gotch Decl., Ex. D.

13         Plaintiff has not provided a privilege log in regard to the document requests, and

14  has provided no further explanation to support the privileges claimed in response to the

15  interrogatories, or any explanation beyond that given in the objections cited above.  No

16  substantive responses have been given.  Even at this time the court and defendants are not aware

17  of what documents have been withheld on account of the asserted privileges.  The documents

18  withheld could number one, ten, one hundred – who knows?  Defendants' counsel has been

19  compelled to make his plea that no privilege/immunity attaches without recourse to the basic,

20  essential information which would enable him (and the court) to sensibly determine whether

21  particular documents were indeed privileged.  Moreover, counsel for plaintiff offered no

22  explanation for the failure to create a privilege log, other than the excuse that a log was

23  premature at the time this discovery was propounded as the status of the operative complaint was

24  in question.  Such an argument is without merit, especially in light of the fact that the first

25  amended complaint was filed on October 14, 2007, and the now operative third amended

26  complaint has been on file since February 28, 2008, with an answer on file since March 19, 2008;

yet plaintiff has still failed to provide a privilege log.   Furthermore, a review of the original

complaint in comparison to the first amended complaint indicates no substantive difference

between the two in relation to the instant discovery which would have justified an objection on

this basis.  The court is unwilling to simply ignore the lack of a privilege log, or embark on a

further lengthy process to identify and then litigate about potentially privileged documents.

Furthermore, plaintiff has failed to submit a declaration regarding the potential

burden imposed by these interrogatories and requests for production.

The court will not just find a waiver of privileges with respect to the discovery

requests at issue as plaintiff's general and specific objections go beyond the pale in terms of

abuse.

### B.  Terminating Sanctions

Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with

discovery rules or court orders enforcing them.  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d

585, 589 (9th Cir. 1983).  Penalizing a party "for dilatory conduct during discovery proceedings"

is discretionary.  Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1102 (9th

Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).

In addition to Rule 37 sanctions, "[c]ourts are invested with inherent powers that

are 'governed not by rule or statute but by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Unigard Sec. Ins.

Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting

Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)); accord

Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995)

(recognizing inherent power to dismiss counterclaim for concealing discovery documents); Winn

v. Associated Press, 903 F. Supp. 575, 580 (SDNY 1995) (imposing monetary sanctions for

deliberately impeding discovery and willful noncompliance with document production).

\\\\\

Precluding evidence so that the recalcitrant party cannot support defenses is comparable to entering dismissal, which "represent[s] the most severe penalty that can be imposed." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); accord, Valley Engineers v. Electric Engineering Co., 158 F.3d 1051 (9th Cir. 1998).  Accordingly, such sanctions are authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault of that party."  Kahaluu Const., 857 F.2d at 603; see also Commodity Futures Trading Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding sanctions in egregious circumstances).[5]  Bad faith does not require actual ill will; substantial and prejudicial obduracy may constitute bad faith.  B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002).

Five relevant factors also determine whether severe sanctions are appropriate:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the other party;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic sanctions.

Wanderer v. Johnston, 910 F.2d 652 (9th Cir. 1990) (default judgment for defendants' failure to comply with discovery); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987).

This circuit has acknowledged that "[l]ike most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery

---

[5]  See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37 dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct.  2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993) (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault); Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (same).

1  sanction is just." <u>Valley Engineers Inc.</u> 158 F.3d at 1056.  Inevitably where a court order is

2  violated or discovery belatedly is produced, factors 1 and 2 support preclusive sanctions, and

3  factor 4 cuts against them.  Prejudice to the opposing party and the availability of less drastic

4  sanctions, factors 3 and 5, are most often decisive.  <u>Id</u>.  Most critical for evaluating the risk of

5  prejudice and whether less drastic sanctions would suffice is whether the discovery violations "so

6  damage[] the integrity of the discovery process that there can never be assurance of proceeding

7  on the true facts." <u>Valley Engineers Inc.</u>,158 F.3d at 1058.

8          The court first considers plaintiff's failure to provide timely and proper initial

9  disclosures as addressed in this court's September 6, 2007 order in which plaintiff's counsel was

10  sanctioned for this behavior which at that time had resulted in a delay of three and a half months.

11  Plaintiff's counsel did not pay the court ordered monetary sanctions until December 13, 2007,

12  despite being ordered to do so within thirty days of that order.  Plaintiff's continued failure to

13  provide complete initial disclosures led to one of the instant motions to compel, requiring the

14  court's involvement yet again in matters which should have been disclosed well over a year ago,

15  when the action was removed to this court.  Based on the issuance of monetary sanctions,

16  plaintiff and her counsel should have been well aware of the seriousness of these failures.

17          The interrogatories and requests for production have been pending since last

18  summer, approximately nine months, with responses in the form of general and boilerplate

19  objections only, and no privilege log or declarations supporting burden objections.  Even after

20  defendants moved to compel in October, 2007, plaintiff failed to amend her responses despite the

21  meet and confer process and the possibility of further sanctions.  Plaintiff's refusal to respond to

22  discovery based on a meritless excuse that it was based on a no longer operative complaint has

23  prevented the action from going forward despite its having been filed over a year and three

24  months ago.

25          While the timing of plaintiff's discovery responses may not evidence affirmative

26  bad faith, the substance of those responses – and her failure to cooperate with defense counsel –

14

1   has been solely within her control.  "[D]isobedient conduct not shown to be outside the control of

2   the litigant" is all that is required to demonstrate willfullness, bad faith or fault.  Henry  v. Gill

3   Industries, Inc, supra, 983 F.2d at 949, quoting Fjelstad v. American Honda Motor Co., Inc.,

4   supra, 762 F.2d at 1341.  Despite this court's prior ruling that plaintiff's initial disclosures were

5   lacking, and its advice to apprise the court of problems in responding to discovery by bringing an

6   *ex parte* motion or seeking continuances from defendants' counsel, plaintiff failed to heed these

7   warnings.  Moreover, plaintiff's current discovery responses are so clearly abusive as to be made

8   in bad faith.  The only possible reason plaintiff refused to properly respond to discovery was to

9   obfuscate these proceedings, as there is no legitimate reason to respond that every discovery

10  request is based on a complaint that is no longer operative when the complaint that replaced it in

11  no way changes these discovery responses.  Furthermore, the operative complaint at the time the

12  discovery responses were pending was the original complaint, not the first amended complaint,

13  as plaintiff suggests.  See Order, filed October 4, 2007, directing plaintiff to file and serve the

14  first amended complaint.  Other responses are just as ridiculous.  For example, plaintiff's

15  response to request numbers 23 and 24 object on the basis of both the Fifth Amendment *and* the

16  privilege against self-incrimination.  Joint Statement, filed November 8, 2007, at 173, 176.

17  Accordingly, the court concludes that plaintiff's abusive discovery responses represent willful

18  violations of the Federal Rules of Civil Procedure and the orders in this case.

19          The court next considers the factors set forth in Malone.  "'The first two of these

20  factors favor the imposition of sanctions in most cases, while the fourth cuts against a ...

21  dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions.'"

22  Henry v. Gill Industries, Inc., supra, 983 F.2d at 948 (citation omitted).

23          The Ninth Circuit has held that "[a] defendant suffers prejudice if the plaintiff's

24  actions impair the defendant's ability to go to trial or threaten to interfere with the rightful

25  decision of the case."  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).

26  Defendants, as well as the court, have been prejudiced in both these ways.  Defendants' inability

1    to obtain the most basic and initial discovery from plaintiff are no longer tolerable at this stage of

2    pretrial proceedings, where the case has been pending in this court for over 15 months.  At the

3    time when both parties should be consolidating and refining their respective positions,

4    defendants have been forced to formulate their case around gaping omissions and guesswork.

5    The court is in no better position to overcome such overwhelming problems.  The court has an

6    interest in the efficient resolution of cases and managing its own docket, and does not have time

7    to resolve each and every discovery dispute by reviewing a 199 page joint statement containing

8    plaintiff's abusive responses which would have been unnecessary but for plaintiff's bad faith.

9          Moreover, no less drastic sanction appears appropriate.  Monetary sanctions

10   would clearly be to no avail as plaintiff is indigent and plaintiff's counsel was over two months

11   late in paying far lesser fees than those requested here pursuant to the last sanctions order.  Nor

12   does the prospect of future monetary sanctions appear to impede plaintiff's behavior as she

13   continues to obfuscate the discovery process even after sanctions were imposed.  Evidence

14   preclusion would also be to no avail.  The discovery deadline has already been extended once;

15   however, the parties are no further along than they were a year ago.  The court holds out no hope

16   that plaintiff will be willing to provide legitimately sought discovery.  The abusiveness of

17   plaintiff's discovery responses indicate a lack of cooperative spirit.  "A judge with a caseload to

18   manage must depend upon counsel [and/or the parties] meeting each other and the court halfway

19   in moving a case toward trial."  Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir.

20   1984).  Thus, the court concludes, particularly in light of its prior order, that no sanction short of

21   dismissal would be appropriate.

22         The court therefore concludes, based on a finding of bad faith and consideration

23   of the critical Malone factors, that dismissal is warranted under the court's inherent authority as a

24   result of plaintiff's failure to comply with her discovery obligations.

25         In summary, plaintiff's willful disregard of the Federal Rules, and her lack of

26   communication and cooperation with defense counsel in regard to all discovery, undermine the

judicial process plaintiff herself has invoked.  "[D]istrict courts cannot function efficiently unless they can effectively require compliance with reasonable rules." <u>Chism v. National Heritage Life Ins. Co.</u>, 637 F.2d 1328, 1332 (9th Cir. 1981), overruled on other grounds, <u>Bryant v. Ford Motor Company</u> ("<u>Bryant II</u>"), 844 F. 2d 602, 605 (9th Cir. 1988) (en banc).  It is therefore the conclusion of this court that there is no effective alternative short of dismissal.

<u>CONCLUSION</u>

For the reasons stated herein, IT IS ORDERED that:

1.  Defendants' motion to compel further initial disclosures and for sanctions, filed October 30, 2007, is granted.

2.  Defendants' motion to compel further responses to interrogatories and requests for production, and sanctions, filed October 25, 2007, is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  05/14/08                             /s/ Gregory G. Hollows
                                             UNITED STATES MAGISTRATE JUDGE

GGH:076
Flanagan0333.dsy2.wpd

17