UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURIE ELLEN FLANAGAN,

        Plaintiff,

   v.

BENICIA UNIFIED SCHOOL DISTRICT, a governmental agency, SHALEE CUNNINGHAM, an individual,

        Defendants.

NO. CIV. S-07-333 LKK/GGH

O R D E R

Pending before the court is plaintiff's motion for reconsideration of the court's September 23, 2008 and the defendants' request for an award of costs and plaintiff's objections thereto. The court denies the motion for reconsideration and denies the request for an award of costs.

## I. BACKGROUND

The court described the allegations of the plaintiff's complaint in its November 19, 2007 order granting in part defendants' motion to dismiss. Essentially, the plaintiff has

1

alleged that she was a probationary employee of Benicia Unified School District ("BUSD") and was wrongfully discharged. She also has alleged that BUSD and Defendant Cunningham, the school district Superintendent, reported misinformation about the plaintiff to the California Commission on Teacher Credentialing and the Benicia Police Department, causing her to lose her credentialing and to be criminally prosecuted.

The court issued its initial Scheduling Order on May 4, 2007. In it, the court set a discovery cut-off date of March 14, 2008. On September 6, 2007, the magistrate judge sanctioned plaintiff's attorney $1,560 for failure to make initial disclosures. Due to discovery delays, defendants sought and were granted an amendment of the Scheduling Order on January 7, 2008. This order continued the discovery cut-off date to August 15, 2008.

Defendants had moved again to compel initial disclosures on November 20, 2007 and on May 14, 2008, the magistrate judge issued findings and recommendations on that motion. The magistrate judge recommended terminating sanctions, observing:

> The court first considers plaintiff's failure to provide timely and proper initial disclosures as addressed in this court's September 6, 2007 order in which plaintiff's counsel was sanctioned for this behavior which at that time had resulted in a delay of three and a half months. Plaintiff's counsel did not pay the court ordered monetary sanctions until December 13, 2007, despite being ordered to do so within thirty days of that order. Plaintiff's continued failure to provide complete initial disclosures led to one of the instant motions to compel, requiring the court's involvement yet again in matters which should have been disclosed well over a

1 | year ago, when the action was removed to this court.
2 | Based on the issuance of monetary sanctions, plaintiff and her counsel should have been well aware of the seriousness of these failures.

Order, May 14, 2008, at 14. Additionally, the court noted that in its prior orders, it had admonished plaintiff to apprise the court of problems she or her counsel faced in responding to discovery by bringing an ex parte motion or seeking continuance; plaintiff, however, had done neither. The court concluded that "plaintiff's current discovery responses are so clearly abusive as to be made in bad faith." Id. at 15. Finally, the court determined that no less severe sanctions would be possible, as plaintiff's counsel seemed undeterred by prior sanctions and, given that plaintiff had not complied with basic discovery requests, the court was concerned that plaintiff would ever provide legitimately sought discovery. Accordingly, the magistrate court recommended terminating sanctions, which this court adopted on September 23, 2008.

## II. STANDARD

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

3

1  other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486
2  U.S. 1015 (1988), considerations of judicial economy weigh
3  heavily in the process.  Thus, Local Rule 78-230(k) requires
4  that a party seeking reconsideration of a district court's order
5  must brief the "new or different facts or circumstances . . .
6  which . . . were not shown upon such prior motion, or what other
7  grounds exist for the motion."  Generally speaking, before
8  reconsideration may be granted there must be a change in the
9  controlling law or facts, the need to correct a clear error, or
10 the need to prevent manifest injustice.  See Alexander, 106 F.3d
11 at 876.
12      As with motions to alter or amend a judgment made pursuant
13 to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles
14 permitting the unsuccessful party to "rehash" arguments
15 previously presented.  See Costello v. United States Government,
16 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Nor is a motion to
17 reconsider justified on the basis of new evidence available
18 prior to the court's ruling.  See Fay Corp. v. BAT Holdings One,
19 Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d
20 1227 (9th Cir. 1990).  Finally, "after thoughts" or "shifting of
21 ground" do not constitute an appropriate basis for
22 reconsideration.  See id.  These relatively restrictive
23 standards "reflect[] district courts' concern for preserving
24 dwindling resources and promoting judicial efficiency."
25 Costello, 765 F. Supp. at 1009.
26                          **III. ANALYSIS**

4

1    Plaintiff requests the court reconsider its September 23,
2 2008 order adopting the magistrate judge's recommendations and
3 dismissing the case. The court denies this motion.
4    Also pending before the court is defendants' request for an
5 award of costs and plaintiff's objections thereto. The court
6 denies the request on the basis of the plaintiff's indigence.

**A.   Motion for Reconsideration**

Plaintiff moves for reconsideration on the grounds that her objections to the magistrate judge's recommendations had merit and terminating sanctions represent a manifest injustice. The court disagrees. First, the court considered plaintiff's objections to the magistrate judge's recommendations and found them unpersuasive. See Order, Sept. 23, 2008 at 1 (listing the parties' objections and related documents that had been filed in response to the magistrate judge's findings and recommendations and stating that "they were considered by the district judge"). Moreover, the court considered de novo those findings of fact to which objections had been made. Id. Plaintiff appears to request that the court again consider the magistrate judge's findings and recommendations de novo, in light of her objections. This is not a proper purpose for a motion for reconsideration. See Costello, 765 F. Supp. at 1009.

The court is similarly unpersuaded by plaintiff's argument that the September 23, 2008 order represents a manifest injustice. Although terminating sanctions are a particularly severe sanction, they were warranted in this instance, based on

5

plaintiff's failure to respond for many months to basic, legitimate discovery requests. Accordingly, plaintiff's motion for reconsideration is denied.

**B.    Bill of Costs**

Defendants have submitted a bill of costs for $4,160.21 and a supporting declaration. Plaintiff objects on that grounds that, *inter alia*, she is indigent. The court denies the request for an award of costs.

Costs are awarded to the prevailing party in civil action as a matter of course absent express statutory provision, "unless the court otherwise directs." Fed. R. Civ. P. 54(d). In deciding whether to award costs, district courts may consider the plaintiff's ability to pay, the amount of the costs involved, and the possibility that the award may leave the plaintiff indigent. See Wrighton v. Metro. Hosps., Inc., 726 F.2d 1346 (9th Cir. 1984); Moore v. Hughes Helicopters, Inc., 708 F.2d 475 (9th Cir. 1983). The Ninth Circuit has repeatedly held that such concerns are an appropriate basis for denying defendant's recovery of costs outright. See Nat'l Org. of Women (NOW) v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982) (district court did not abuse its discretion in denying costs on basis of "plaintiffs' limited budgets"); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-81 (9th Cir. 1999) (reversing district court's award of costs to defendants, "conclud[ing] that the district court abused its discretion, particularly based on the district court's failure to consider two factors: [plaintiff's]

6

indigency, and the chilling effect of imposing such high costs on future civil rights litigants.")

Plaintiff's "argument that payment of the costs would render her indigent is compelling. Indigency is a factor that the district court may properly consider in deciding whether to award costs." Stanley, 178 F.3d at 1079; see also NOW, 680 F.2d at 1294; McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). Indeed, "[t]he mere fact that [plaintiff is not employed] is persuasive evidence of the possibility that she would be rendered indigent should she be forced to pay." Stanley, 178 F.3d at 1080.

Here, there is ample evidence on the record of plaintiff's indigence. See Supplemental Decl. of Karl-Fredrick Seligman in Opp'n. to Motion for Discovery, Nov. 14, 2007, ¶ 12; Decl. of Karl-Fredrick Seligman in Opp'n. to Motion to Compel or Dismiss, Nov. 20. 2007, ¶ 8; Decl. of Karl-Fredrick Seligman, Dec. 7, 2007, ¶ 4; Decl. of Laurie Flanagan, June 23, 2008, ¶ 22. The evidence indicates that plaintiff is not employed, is indigent, and has experienced a period of homelessness during the litigation. Accordingly, an award of costs is not appropriate in this case.

## IV. CONCLUSION

For the reasons stated herein, the plaintiff's motion for reconsideration (Doc. No. 109) is DENIED. Defendants' request

////

////

7

for an award of costs (Doc. No. 105) is DENIED.

    IT IS SO ORDERED.

    DATED: October 29, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT